FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 APR 23  A 11: 38

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RIEVON B. LEE                              *

Petitioner                                 *

v                                          *          Civil Action No. RDB-11-2534

STATE OF MARYLAND                          *

Respondent                                 *
                                        ***

## MEMORANDUM OPINION

Respondent has filed an Answer to the Court's Limited Show Cause regarding the timeliness of the above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254. ECF No. 9. Petitioner has filed a Reply thereto. ECF No. 11, 12, and 13. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

Petitioner Rievon Lee ("Lee") was found guilty by a jury of kidnapping and false imprisonment on July 18, 2007, in the Circuit Court for Somerset County, Maryland. ECF No. 9 at Ex. 1, pp. 6 – 7, and 14.  On the same date, Lee was sentenced to serve five years imprisonment. *Id.* Lee did not file a direct appeal of his conviction. *Id.* at pp. 14 – 15. Lee's conviction thus became final on August 17, 2007, the date the time for filing a direct appeal expired.

Lee filed a petition for post-conviction relief on February 19, 2008. ECF No. 9 at Ex. 1, p. 15. A hearing was held on July 30, 2008, and relief was denied in an Order dated October 16,

2008. *Id.* at p. 17. Lee did not appeal the post-conviction court's decision denying relief,

therefore, the post-conviction proceedings became final on November 17, 2008, the date the time

for filing an application for leave to appeal with the Maryland Court of Special Appeals expired.

Lee then filed a motion to reopen post-conviction proceedings on July 8, 2011, which was

subsequently denied on August 18, 2011. *Id.* at p. 18. No appellate review was sought. *Id.*

**Standard of Review**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a

person convicted in a state court. *See* 28 U.S.C. § 2244(d).  This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This one-year period is, however, tolled while properly filed post-conviction proceedings are

pending.  *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir.2000).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris* 209 F. 3d at 330.  To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

Analysis

Lee's conviction became final on August 17, 2007; at that time the filing deadline for federal habeas review would have been August 17, 2008.  When Lee filed his first post-conviction petition on February 19, 2008, the filing period for federal habeas review was tolled until post-conviction proceedings became final on November 17, 2008.  At that time, 186 days of the one year filing limitation had run and Lee had 179 days, or until May 15, 2009, to file a timely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.  §2254.  The instant petition, filed on September 6, 2011, is untimely.

Lee was provided the opportunity to present argument regarding his entitlement to an equitable tolling of the statute of limitations, or to have his petition otherwise considered as timely.  ECF No. 10.  Lee claims this Court has abused its authority because it dismissed his earlier-filed Petition for Habeas Corpus in 2008 as unexhausted.  ECF No. 11.  He further claims that the undersigned lied when concluding on December 11, 2008, that his State post-conviction remedies were unexhausted when in actuality the state Circuit Court had issued an Order denying relief before the 2008 petition was dismissed as unexhausted.  *Id.*; *see also Lee v. State of Maryland*, Civ. Action RDB-08-2154.  He further states this Court improperly denied his motion

3

to reopen the 2008 case and instead construed the instant petition as a new civil action, causing him to serve additional time in prison.[1]

Lee expands on his explanation, stating that his entire conviction was the result of one state trooper's racist feelings toward Lee and his wife. ECF No. 13. He claims the trooper, whom he does not name, claimed to have a warrant for his wife and when Lee asked him to substantiate the warrant, the trooper entered his house, assaulted him, and took Lee and his wife to jail, leaving their children home alone. Lee further claims he has irrefutable proof that the criminal case against him was an orchestration of false evidence and that the alleged victim, his brother whom he refers to as a crack addict, conspired with the state trooper to remove Lee from his home so his brother could live there with his girlfriend, whom Lee describes as a prostitute. Lee states that prior to his arrest he had enlisted in the Army and was raising his children with his wife, but now he intends, upon his release, to get his children "away from their slut-of-a-mother, and their crack addict Grandmother." ECF No. 13 at p. 2. Based on his claims of being fraudulently convicted of a crime, Lee requests this Court to issue an order releasing him from prison. *Id.*

Petitioner's claim that this Court's dismissal of his 2008 habeas corpus petition as unexhausted was erroneous is based on the Court's mistaken observation that the post-conviction court had not yet rendered a decision when in fact it had. ECF No. 12. In his 2008 case, Lee filed a document entitled "Absolute Rebuttal to the State's Response" and claimed that the assertion he had not exhausted state remedies because he failed to file a direct appeal was false because he had filed a petition for post-conviction relief. *See Lee v. State of Maryland*, Civ. Action No. RDB-08-2154 at ECF No. 5. He further claimed that the State's response was simply

---

[1] Lee claims he is wrongfully imprisoned as his conviction was the result of an extortion scheme by his brother, who is the "alleged victim" in the state criminal case. ECF No. 12.

an attempt to unnecessarily delay the case since it is clear that a false case such as the one against him would not be allowed to stand.  *Id.*  Lee then filed an 18-page document on October 31, 2008, which stated in part that he had received a decision from the Circuit Court for Somerset County on October 22, 2008.  *Id.* at ECF No. 6.  He did not include a copy of the post-conviction court's decision, but included a lengthy explanation of why that court was wrong in denying relief.  *Id.*  Lee appealed this Court's decision dismissing his petition for habeas corpus relief to the Fourth Circuit Court of Appeals which affirmed this Court's dismissal.  *Id.* at ECF No. 9.

Whether or not the post-conviction decision had been issued by the Circuit Court for Somerset County at the time of this Court's decision in the 2008 case, Lee had not exhausted his state remedies.  To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  Md. Crim. Proc. Code Ann. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  *Williams v. State*, 292 Md. 201, 210-11 (1981).  Thus, at the time of this Court's decision, the 2008 claims were unexhausted because Lee had not filed an application for leave to appeal the post-conviction court's decision denying relief.

When a habeas corpus petition is dismissed without prejudice for failing to exhaust state remedies, the petitioner is afforded the opportunity to complete exhaustion.  In the instant case, exhaustion would have included the filing of an application for leave to appeal the post-conviction court's denial of relief, which Lee did not do.  Instead, Lee filed a motion to reopen post-conviction proceedings on July 8, 2011.  He has not offered an explanation of the delay that

5

occurred between the time he first learned his petition was dismissed as unexhausted (December 11, 2008) and the time he sought to re-open post-conviction proceedings. There is, therefore, no basis for this Court to find that Lee is entitled to equitable tolling of the limitations period.

Lee's initial petition was not a "mixed petition" containing some exhausted claims and others which had been presented to the state courts for adjudication on the merits. Thus, this Court did not employ the "stay and abeyance" procedure used to allow habeas petitioners to return to state court to exhaust unexhausted claims in mixed petitions, and return to federal court with the claims fully developed at the state level without fear of missing the filing deadline for the federal petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court . . . even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").[2]   Lee's assertion that the instant petition should be deemed timely because his earlier unexhausted petition was timely is without merit.

The Petition for Writ of Habeas Corpus will be denied as untimely. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its

---

[2] Both the instant petition and the petition filed in 2008, when read generously, appear to raise a sufficiency of the evidence claim. The standard of review for a sufficiency of the evidence claim on habeas corpus is whether, after viewing evidence in light most favorable to prosecution, any rational trier of fact could find essential elements of crime beyond reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Lee's claims appear to focus on the alleged lack of credibility of the witnesses who testified against him. The determination of the credibility of each witness is within the sole province of the jury and is not susceptible to review. *See United States v. Saunders*, 886 F.2d 56 (4th Cir. 1989); *Pigford v. United States*, 518 F.2d 831 (4th Cir. 1975).

procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Petitioner has not made such a showing, therefore, a Certificate of Appealability shall be denied.


4/23/12
_____
Date

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

7